Opinion issued July 14, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-26-00202-CV

_____

## JOHN RANDALL SCOTT AND KRISTIN SCOTT, Appellants

## V.

## JUNIOR PROPERTIES, LLC, Appellee

**On Appeal from the County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Case No. 25-CCV-077848**

## MEMORANDUM OPINION

The only issue in a forcible-detainer action is the right to actual possession of the subject property and "the merits of title shall not be adjudicated." *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A forcible-detainer appeal therefore becomes moot if the appellant

is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006).

The record here contains an executed writ of possession indicating that appellants no longer possess the disputed property. This Court issued a letter informing appellants that the record indicated that the appeal is moot because appellee now has possession of the subject property. We requested that appellants file a response to whether the appeal was moot. Appellants did not respond, and therefore, have failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.).

Accordingly, we vacate the trial court's order granting possession and dismiss the appeal as moot. *See Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); *see also Marshall*, 198 S.W.3d at 785 (holding that when appeal of forcible detainer action becomes moot, proper course is to dismiss appeal and

vacate lower court's judgment of possession); Tᴇx. R. Aᴘᴘ. P. 42.3(a).  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justice Rivas-Molloy and Guiney.